# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| **JEROME FITZGERALD STOKES,** | **REPORT AND RECOMMENDATION** |
| Plaintiff, | |
| v. | **Case No. 4:20-cv-00100-DN-JCB** |
| **G. MICHAEL WESTFALL, et al.,** | **District Judge David Nuffer** |
| Defendants. | **Magistrate Judge Jared C. Bennett** |

District Judge David Nuffer referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Jerome Fitzgerald Stokes's ("Mr. Stokes") amended complaint.[2] At the outset, the court notes that Mr. Stokes has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Mr. Stokes's amended complaint under the authority of the IFP Statute.[4] Based upon the analysis set forth below, the court recommends dismissal of this action with prejudice.

---

[1] ECF No. 8.

[2] ECF No. 6.

[3] ECF No. 2.

[4] In a previously issued Report and Recommendation, this court recommended dismissal of this action with prejudice based upon a review of Mr. Stokes's original complaint under the IFP Statute. ECF No. 4. Mr. Stokes's amended complaint was filed after that Report and Recommendation. Accordingly, the court now addresses the sufficiency of Mr. Stokes's amended complaint under the IFP Statute.

**BACKGROUND**

The following background is based upon the court's liberal reading of Mr. Stokes's amended complaint, which contains very few factual allegations. Mr. Stokes alleges that in July 2020, he failed to attend a hearing before Judge Eric Ludlow of the Fifth District Court, State of Utah ("Judge Ludlow").[5] Mr. Stokes further alleges he "was found guilty of being a stalker" at that hearing.[6] Mr. Stokes also alleges that in August 2018, Judge G. Michael Westfall of the Fifth District Court, State of Utah ("Judge Westfall"), conducted a hearing on a request for a temporary civil stalking injunction against Mr. Stokes in state court "case 180500339."[7] Mr. Stokes claims that Judge Westfall issued the injunction.[8] Finally, Mr. Stokes asserts that he "called for a hearing" on the injunction and "showed up and won."[9]

Based upon those allegations, Mr. Stokes asserts the following claims against Judge Ludlow and Judge Westfall,[10] purportedly under 42 U.S.C. § 1983: (1) a claim that the "civil

---

[5] ECF No. 6 at 3.

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.* at 2-3.

[9] *Id.* at 3.

[10] Although Mr. Stokes also names the Fifth District Court and Fifth District Juvenile Court as defendants, his allegations focus exclusively on Judge Ludlow's and Judge Westfall's actions. Accordingly, the court construes this action as being brought against only Judge Ludlow and Judge Westfall.

stalking injunction documents" are unconstitutional, (2) slander, (3) "Defamination [sic]," (4) malicious prosecution, and (5) abuse of process.[11]

## LEGAL STANDARDS

Upon receipt of an application to proceed in forma pauperis, a Magistrate Judge may review the complaint and recommend that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2). DUCivR 3-2(c). Section 1915(e)(2)(B)(ii) provides that the court is required to "dismiss the case at any time if . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). Under that standard, the court "look[s] for plausibility in th[e] complaint." *Id.* at 1218 (quotations and citations omitted) (second alteration in original). More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In analyzing Mr. Stokes's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

---

[11] ECF No. 6 at 4.

Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court will neither "supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam). Indeed, as the Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted). After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## **ANALYSIS**

Based upon the following analysis, the court concludes that: (1) Mr. Stokes's amended complaint fails to state claims upon which relief can be granted, and (2) it would be futile to provide Mr. Stokes with a second opportunity to amend his complaint. Therefore, the court recommends dismissal of this action with prejudice.

### I.     Mr. Stokes's Amended Complaint Fails to State Claims Upon Which Relief Can Be Granted.

Mr. Stokes's claims fail for two reasons.  First, absolute judicial immunity bars his claims.  Second, even if judicial immunity did not bar Mr. Stokes's claims, they are barred by the *Rooker-Feldman* doctrine.  Each reason is discussed in order below.

#### A.     Absolute Judicial Immunity Bars Mr. Stokes's Claims.

Because the amended complaint's allegations against Judge Ludlow and Judge Westfall all focus on actions performed in a judicial capacity, absolute judicial immunity bars Mr. Stokes's claims.  "Under the common law, judges are absolutely immune from suit on any claim based on the conduct of their office, including allegations that a decision is erroneous, malicious, or in excess of their judicial authority."  *Christensen v. Ward*, 916 F.2d 1462, 1473 (10th Cir. 1990); *see also Mireles v. Waco*, 502 U.S. 9, 9-12 (1991) (per curiam).  This immunity ensures "that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."  *Mireles*, 502 U.S. at 10 (quotations and citation omitted).  "[J]udicial immunity is not overcome by allegations of bad faith or malice . . . ."  *Id.* at 11.  "Only accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity."  *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006).

As indicated above, all of Mr. Stokes's allegations focus on Judge Ludlow's and Judge Westfall's actions undertaken in their respective judicial capacities.  Mr. Stokes has not alleged that either Judge Ludlow or Judge Westfall acted outside of their respective judicial capacities or in any absence of jurisdiction.  Therefore, Mr. Stokes's claims are barred by the doctrine of absolute judicial immunity and should be dismissed.

### B.     The *Rooker-Feldman* Doctrine Bars Mr. Stokes's Claims.

Even if judicial immunity did not bar Mr. Stokes's claims, they are barred by the *Rooker-Feldman* doctrine.  "The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments.").  "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Nudell*, 363 F.3d at 1075.  Under the *Rooker-Feldman* doctrine, "[w]here a constitutional issue could have been reviewed on direct appeal by the state appellate courts, a litigant may not seek to reverse or modify the state court judgment by bringing a constitutional claim under" section 1983. *Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986).

Here, Mr. Stokes's amended complaint makes it clear that he is challenging, in one way or another, the state-court proceedings.  If the court were entertain any of Mr. Stokes's claims, it would be "effectively act[ing] as an appellate court reviewing" Mr. Stokes's state-court case. *Nudell*, 363 F.3d at 1075.  Under the *Rooker-Feldman* doctrine, the court is precluded from conducting any such review.  That applies with equal weight to Mr. Stokes's alleged

constitutional claim. *Anderson*, 793 F.2d at 263. Therefore, Mr. Stokes's claims are barred by the *Rooker-Feldman* doctrine and should be dismissed.

## II. Providing Mr. Stokes With Another Opportunity to Amend His Complaint Would Be Futile.

As previously stated, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). This is especially true where, as here, Mr. Stokes was previously given a chance to amend his complaint. Because Judge Ludlow and Judge Westfall would be absolutely immune from suit, Mr. Stokes has not and could not allege any facts stating a colorable claim against either Judge. Furthermore, Mr. Stokes's amended complaint does not nor could it allege any set of facts that would allow his claims to avoid the bar of the *Rooker-Feldman* doctrine. Therefore, the court concludes that it would be futile to provide Mr. Stokes with another opportunity to amend his complaint further and recommends dismissal of this action.

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. 28 U.S.C. § 1915(e)(2)(B)(ii); DUCivR 3-2(c).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within 14 days after being served with a

copy of it.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED December 17, 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge